J-S05035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATTHEW D. WATKINS, III, | |
| Appellant | No. 740 MDA 2016 |

Appeal from the PCRA Order February 5, 2016
in the Court of Common Pleas of Lycoming County
Criminal Division at No.: CP-41-CR-0001965-2005

BEFORE: BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED MARCH 01, 2017**

Appellant, Matthew D. Watkins, III, appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

A previous panel of this Court set forth the factual and procedural history of this case as follows.

> . . . [F]ollowing a jury trial on January 19, 2007, [Appellant] was convicted of one count each of Robbery, Criminal Conspiracy to commit Robbery, Theft by Unlawful Taking or Disposition, Receiving Stolen Property, Possessing Instruments of Crime, and Simple Assault,[1] stemming from the robbery of [his] place of employment, the Billtown Cab Company. On February 6, 2007,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903, 3921(a), 3925(a), 907(b), and 2701(a)(3), respectively.

the trial court sentenced [Appellant] to an aggregate term of 12 to 32 years [of] imprisonment, to be followed by 8 years [of] probation.[2]   Although [Appellant] initially pursued a direct appeal with this Court, on December 17, 2007, [he] subsequently filed a Praecipe to Withdraw his direct appeal, which this Court granted by order dated December [19], 2007.

On January 8, 2008, [Appellant] filed his first [counseled] PCRA petition raising, *inter alia*, claims of ineffective assistance of counsel.  Thereafter, [Appellant] filed amended PCRA petitions on April 3, 2008, and May 9, 2008, respectively.  Following an evidentiary hearing, the PCRA court denied [Appellant's] PCRA petition by order dated December 31, 2008. . . .

(**Commonwealth v. Watkins**, No. 105 MDA 2009, unpublished memorandum at *1-2 (Pa. Super. filed Jan. 22, 2010)) (footnotes omitted).

This Court affirmed the court's denial of Appellant's PCRA petition on January 22, 2010.  (**See id.** at *1).  Our Supreme Court denied Appellant's petition for allowance of appeal on July 26, 2010.  (**See Commonwealth v. Watkins**, 999 A.2d 1246 (Pa. 2010)).

Appellant filed the instant *pro se* PCRA petition on November 30, 2015,[3] claiming that the mandatory minimum sentence imposed on him

---

[2] Relevant to this appeal, prior to sentencing, the Commonwealth gave notice of its intention to seek at least the mandatory minimum term of incarceration under 42 Pa.C.S.A. § 9712 (providing mandatory minimum sentence of five years for persons who visibly possess firearm during commission of crime of violence, including robbery).  (**See** N.T. Trial, 1/19/07, at 55-56).  The trial court sentenced Appellant to a minimum term of six years' incarceration on the robbery count.  (**See** Sentencing Order, 2/06/07).

[3] We deem Appellant's *pro se* PCRA petition and his notice of appeal (referenced **infra**) filed on the day they were dated rather than on the day
*(Footnote Continued Next Page)*

pursuant to 42 Pa.C.S.A. § 9712 is unconstitutional under *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015).[4] On January 8, 2016, the court issued an opinion and notice of its intent to dismiss the PCRA petition without a hearing as untimely. *See* Pa.R.Crim.P. 907(1). Appellant did not respond. On February 5, 2016, the court entered its order dismissing Appellant's PCRA petition. This timely appeal followed.[5]

Appellant raises the following issues for our review:

I. Did the [PCRA] [c]ourt err in denying the [PCRA] [p]etition without a hearing by misapprehending the retrospective application in *Commonwealth v. Hopkins*, 117 A.3d 247 ([Pa.] 2015) when its paradigm, *Alleyne v. United States*, 133 S.Ct. 2151 (2013) created a "substantive rule," which "the Constitution requires State Collateral Review Courts to give retroactive effect to that rule?"

II. Did the [PCRA] [c]ourt err in denying the [PCRA] [p]etition when [Appellant] filed the instant [PCRA] [p]etition timely by

*(Footnote Continued)* _____

they were docketed, pursuant to the prisoner mailbox rule. *See Commonwealth v. Brandon*, 51 A.3d 231, 234 n.5 (Pa. Super. 2012).

[4] In *Alleyne*, the United States Supreme Court held that under the Sixth Amendment to the United States Constitution, a jury must find beyond a reasonable doubt any facts that increase a mandatory minimum sentence. *See Alleyne*, *supra* at 2158. In *Hopkins*, the Pennsylvania Supreme Court held that 18 Pa.C.S.A. § 6317(a)—which imposes a mandatory minimum sentence of two years' incarceration on certain drug offenses—is unconstitutional in light of *Alleyne*. *See Hopkins*, *supra* at 249, 262.

[5] Pursuant to the PCRA court's order, Appellant filed a timely concise statement of errors complained of on appeal on April 7, 2016. *See* Pa.R.A.P. 1925(b). The court entered an opinion on May 25, 2016, in which it relied on its opinion filed on January 8, 2016. *See* Pa.R.A.P. 1925(a).

filing within sixty (60) days of learning of the Supreme Court of Pennsylvania's decision in **Commonwealth v. Hopkins**, 117 A.3d 247 ([Pa.] 2015)?

III. Did the [PCRA] [c]ourt err in denying the [PCRA] [p]etition without a hearing when [Appellant] contends that through the [c]ourt's inherent power, the [PCRA] [c]ourt always retains jurisdiction to correct [its] patently unconstitutional, and therefore illegal sentence?

(Appellant's Brief, at 4).

As an initial matter, we must address the timeliness of Appellant's PCRA petition.

In reviewing an order denying post-conviction relief, we examine whether the trial court's determination is supported by evidence of record and whether it is free of legal error. Where an issue presents a question of law, the appellate court's standard of review is *de novo*, and its scope of review is plenary. . . .

The PCRA provides eligibility for relief in conjunction with cognizable claims, . . . and requires petitioners to comply with the timeliness restrictions. . . . [A] PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment becomes final. A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits. Accordingly, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar.

The exceptions to the PCRA time-bar are found in Section 9545(b)(1)(i)–(iii) (relating to governmental interference, newly discovered facts, and newly recognized constitutional rights), and it is the petitioner's burden to allege and prove that one of the timeliness exceptions applies. Whether a petitioner has carried his burden is a threshold inquiry that must be resolved prior to considering the merits of any claim. . . .

***Commonwealth v. Robinson***, 139 A.3d 178, 185–86 (Pa. 2016) (quotation marks and citations omitted).

In this case, Appellant's judgment of sentence became final on December 19, 2007, the date this Court permitted him to voluntarily withdraw his direct appeal. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had until December 19, 2008, to file a timely PCRA petition. ***See id.*** at § 9545(b)(1). Because Appellant filed the instant petition on November 30, 2015, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. ***See id.*** at § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in

this section and has been held by that court to apply retroactively.

*Id.*

Any petition invoking an exception must "be filed within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Jackson*, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted).

Here, Appellant invokes the newly recognized and retroactively applied constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii) by reference to *Alleyne*, and *Hopkins*, *supra*. (*See* Appellant's Brief, at 8-16). Appellant argues that *Alleyne* created a new rule of constitutional law that must be applied retroactively to his case on collateral review because he is serving an invalid mandatory minimum sentence. (*See id.* at 8, 11, 15-16, 26). However, as the Commonwealth noted, *Alleyne* is not applicable in this case because Appellant is not serving a mandatory minimum sentence. (*See* Commonwealth's Brief, at 4-5; *see also* Sentencing Order, 2/06/07). While the Commonwealth gave notice of its intent to seek at least the mandatory minimum five-year sentence, the court **did not** impose this sentence, and instead imposed a sentence above the mandatory minimum term of incarceration. (*See* N.T. Trial, 1/19/07, at 55-56; *see also* Sentencing Order, 2/06/07).

Moreover, "our Supreme Court recently filed an opinion in **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016) wherein it addressed the retroactive effect of **Alleyne** and held 'that **Alleyne** does not apply retroactively to cases pending on collateral review. . . .'" **Commonwealth v. Whitehawk**, 146 A.3d 266, 271 (Pa. Super. 2016) (internal citation formatting provided). Therefore, **Alleyne** does not apply to Appellant's case for this reason as well.

Finally, we address Appellant's contention that his sentence imposed pursuant to section 9712 is illegal under **Alleyne** and must be corrected because "the [PCRA] [c]ourt and this . . . Court never relinquish their jurisdiction to correct an illegal sentence and always retain the inherent power to do so." (Appellant's Brief, at 23; **see id.** at 21-26) (emphasis omitted). This claim is meritless because, as discussed above, Appellant is not serving a mandatory minimum sentence under section 9712 and, even if he were, **Alleyne** does not apply retroactively to cases such as his on collateral review. Furthermore, as previously noted, "the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar." **Robinson**, **supra** at 185 (citation and quotation marks omitted). It is well-settled that "[a]lthough legality of sentence is always subject to review within the PCRA, claims **must still first satisfy** the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa.

Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008) (citations omitted) (emphasis added). Therefore, Appellant's claims premised on **Alleyne** fail.

In sum, Appellant's petition is untimely and he has failed to plead or prove the applicability of any of the three limited exceptions to the PCRA's jurisdictional time-bar. Therefore, we conclude that the PCRA court properly dismissed Appellant's PCRA petition without a hearing as untimely with no exception to the time-bar pleaded or proven. **See Robinson**, **supra** at 185; **Jackson**, **supra** at 519. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/1/2017